MEMORANDUM **
William J. Journey appeals pro se from the district court’s judgment dismissing his Federal Tort Claims Act (“FTCA”) action alleging that the United States Department of Veterans Affairs mishandled his medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim, Chol-la Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir.2004), and a grant of summary judgment, Morrison v. Hall, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.
The district court properly dismissed Journey’s claims relating to cigarette addiction as barred by the statute of limitations. See 28 U.S.C. § 2401(b) (requiring the claimant bring FTCA action within six months of denial of claim by the appropriate Federal agency).
The district court properly dismissed Journey’s claims regarding an incorrectly filled pain prescription as barred by the doctrine of res judicata. See Headwaters, Inc. v. United States Forest Service, 399 F.3d 1047, 1052 (9th Cir.2005) (“[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits.”).
*671 The district court properly dismissed Journey’s defamation claim as barred by the FTCA. See 28 U.S.C. § 2680(h); Moore v. United Kingdom, 384 F.3d 1079, 1088 (9th Cir.2004) (explaining 28 U.S.C. § 2680(h) bars claims of libel and slander).
The district court properly dismissed Journey’s claims of emotional distress based on the discovery of an errant document in his medical record. See Ace v. Aetna Life Ins. Co., 139 F.3d 1241, 1250 (9th Cir.1998) (requiring that intentional infliction of emotional distress claims involve conduct that is extreme and outrageous, intentional or reckless or causes severe emotional distress); Chizmar v. Machie, 896 P.2d 196, 204-05 (Alaska 1995) (explaining that a plaintiff cannot recover damages for temporary fright, disappointment or regret).
The district court properly granted summary judgment on Journey’s medical malpractice claim based on the Department’s temporary suspension of his non-emergency treatment because the Department has the authority to take corrective and disciplinary action “to promote good conduct on the part of persons who are receiving [medical] services in Department facilities.” 38 U.S.C. § 1721; see 38 C.F.R. § 17.106 (providing Department facilities with authority to take corrective and disciplinary action to ensure the good conduct of veterans receiving treatment); 38 C.F.R. § 17.100 (allowing for discontinuation of treatment for non-cooperative patients who do not keep medical appointments).
Journey’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.